EDWARD LAMBERT

*v.*

GEORGE W. FULLER.

CONTRACT—*construed as to plaintiff's right to abandon work.* Where, under a written contract, the plaintiff was to bore, drill and tube a hole two inches in diameter, on the land of the defendant, at a point to be indicated, for a compensation agreed upon, with a proviso, that if the plaintiff "should strike what is known as conglomerate or iron stone before he reached 300 feet, he might abandon the work," and in that event he was to receive a ratable proportion of the contract price, and by another provision the plaintiff, at the option of defendant, was to bore any number of feet, not exceeding 400, at the rate of $4 per foot above 300 feet, and it appeared the object was to find coal, and that coal is never found under conglomerate or iron stone, it was *held*, that plaintiff was at liberty to abandon the work on coming to that description of rock formation, no matter at what depth it was found, and that the option reserved to defendant, to have the boring continued not exceeding 400 feet, was contingent upon the event this kind of stone was not first reached.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

This was an action of assumpsit, brought by George W. Fuller against Edward Lambert, to recover the contract price for boring, drilling and tubing a hole on defendant's land, 211 feet and 7 inches deep, in prospecting for coal. At that depth the plaintiff struck conglomerate or iron stone, and quit the work, notwithstanding the defendant required him to bore further, and the question of his right to do so and recover depends upon the construction to be given to the contract under which the work was done, and which is stated in the opinion of the court. The trial resulted in a verdict and judgment in favor of the plaintiff, to reverse which judgment the defendant appealed to this court.

Messrs. MORRISON, WHITLOCK & LIPPINCOTT, and Mr. J. T. SPRINGER, for the appellant.

Messrs. KETCHAM & TAYLOR, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The written contract between the parties obligated plaintiff to bore, drill and tube a hole, of the diameter of two inches, on the land of defendant, at a point to be indicated, at and for a compensation agreed upon; provided, however, if plaintiff "should strike what is known as conglomerate or iron stone before he reached 300 feet, he may abandon the work," but in that event he was only to receive a ratable proportion of the contract price. By another provision of the contract, plaintiff, at the option of defendant, was to bore any number of feet, not exceeding 400, at the rate of $4 per foot above 300 feet.

After boring to the depth of 211 feet and 7 inches, plaintiff came to that rock formation specified in the contract as "conglomerate or iron stone," which, he insists, gave him the right to abandon the work, and recover the contract price for the number of feet of boring and tubing actually done. On the

other hand, defendant contends it was plaintiff's duty, at his election, which he had made known to him, to still prosecute the work to greater depths, and the principal question discussed is, whether, under the contract, he was bound to do so.

Construing the agreement in the light of the circumstances which surrounded the parties at the time, we think plaintiff was at liberty to abandon the work on coming to that description of rock formation specified in the contract, no matter at what depth it was found. The object the parties had in view was to ascertain whether the earth, at that point, contained coal deposits, and it seems to be conceded that beneath that class of rock designated, coal is never found. There was, then, clearly no necessity for boring further, and it would have been a wasteful expenditure of money to do so. Plainly, the option reserved to defendant, to have the boring continued any number of feet not exceeding 400, was contingent upon the event "conglomerate or iron stone" should not be first reached. This, it seems to us, is what the contract really means, and any other construction would make it obligatory to do a useless thing, requiring the expenditure of a large sum of money, which the parties certainly never contemplated when the work was undertaken. The very object of the limitation clause of the contract was, that the work might be abandoned when it should be discovered it would be profitless to further prosecute it. It was the interest of both parties it should cease then.

The ninth instruction, given for plaintiff, is in harmony with this construction of the contract, and there was no error in giving it; and as the fourth instruction, asked by defendant, gave a different construction to the agreement, it was properly refused.

Whether the hole bored was two inches in diameter, or whether there had been any adjustment of the matters in dispute between the parties, before suit brought, were questions of fact for the jury; and as the evidence offered was conflicting in the extreme, we are unwilling to disturb the verdict.

If the jury gave credit to the testimony of plaintiff, there is abundant evidence to sustain the finding. It was their province to say which was the better evidence, and entitled to most weight; and as we see no abuse of that discretion with which a jury is clothed in such matters, the judgment must be affirmed.

*Judgment affirmed.*